In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00047-CR

                                                ______________________________

 

 

                          ROBERT DEWAYNE ROBERTSON,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 115th
Judicial District Court

                                                            Upshur County, Texas

                                                            Trial
Court No. 15,652

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Robert Dewayne
Robertson appeals from his conviction on his open plea of guilty for possession
of precursors with intent to manufacture methamphetamine.  The court assessed punishment at twenty
years’ imprisonment.  

            Robertson’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); High v. State,
573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Robertson June 23, 2011, informing Robertson
of his right to file a pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We have
determined that this appeal is wholly frivolous. We have independently reviewed
the clerk’s record and the reporter’s record, and find no genuinely arguable
issue.  See Halbert v. Michigan, 545 U.S. 605,
623 (U.S. 2005).   We, therefore, agree
with counsel’s assessment that no arguable issues support an appeal.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

            We do note,
however, that the trial court’s judgment in this case states that the
conviction was pursuant to a plea bargain agreement.  This is also reflected in the certification
of right to appeal, which indicates that the conviction was based upon a plea
agreement, but that the trial court granted permission to appeal.  Our review of the record shows this to be an
open plea of guilty, with no plea bargain. 
This Court has the authority to modify the judgment to make the record
speak the truth when the matter has been called to our attention by any
source.  French v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992).  In Asberry v. State,
813 S.W.2d 526 (Tex. App.—Dallas 1991, pet. ref’d),
the court noted that the authority of the appellate court to modify incorrect
judgments is not dependent on request of any party; the appellate court may act
sua sponte.  The Texas Rules of Appellate Procedure
provide direct authority for this Court to modify the judgment of the trial
court.  Tex.
R. App. P. 43.2.  We modify the
judgment to reflect that the conviction was pursuant to an open plea of guilty
rather than a plea bargain.

            We
affirm the judgment of the trial court.[1]

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          September
2, 2011      

Date Decided:             September
6, 2011

 

Do Not Publish           

 

                                                                        

 

 

            

 

 

 

 

 











[1]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either retain
an attorney to file a petition for discretionary review or appellant must file
a pro se petition for discretionary review. 
Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing or
for en banc reconsideration was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with the clerk of the Texas Court of Criminal Appeals.  See
Tex. R. App. P. 68.3. (amended by
the Texas Court of Criminal Appeals Misc. Docket No. 11-104, effective Sept. 1,
2011).  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure.  See Tex.
R. App. P. 68.4.